Commonwealth ex rel. Owens, Appellant, *v.* Cavell.

Submitted November 8, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, FLOOD, JACOBS, and HOFFMAN, JJ.

168

*George A. Owens*, appellant, in propria persona.

*Edwin J. Martin*, Assistant District Attorney, and *Robert W. Duggan*, District Attorney, for appellee.

OPINION PER CURIAM, December 16, 1965:
Order affirmed.

---

DISSENTING OPINION BY HOFFMAN, J.:

This is an appeal from an order of the lower court denying a petition for writ of habeas corpus without a hearing.

Appellant was found guilty of armed robbery in a nonjury proceeding and was sentenced. At the time of trial, the voluntary nature of a statement given to police by appellant was placed into issue. Based on the testimony of appellant and the arresting officers, the trial judge rejected appellant's contention that the statement was involuntary.

The important question in this case is whether a judge, who is sitting as trier of fact, without a jury, may determine the voluntariness of a confession as well as guilt or innocence in light of *Jackson v. Denno*, 378 U. S. 368 (1964).

The Commonwealth argues that since the defendant waived trial by jury, he cannot now complain that the judge has passed on both voluntariness and guilt or innocence. It further contends that *Jackson v. Denno*

is primarily concerned with securing a clear and reliable determination of voluntariness for appeal, and that such a determination was made by the judge. There is certainly much in *Jackson* to support this view.

*Jackson,* however, intends to secure more than a clear and final determination on the question of voluntariness. This may be readily seen from the fact that, notwithstanding the preliminary determination by the judge, the jury may still pass on voluntariness, and its actual finding on this issue is never known. Cf. Pa. Crim. R. 323(e).

The Supreme Court in *Jackson* was fearful that a jury may disregard the involuntary nature of a confession because it believes that the defendant had done precisely what he was charged with doing. It feared that, ". . . matters pertaining to the defendant's guilt will infect the jury's findings of fact bearing upon voluntariness, as well as its conclusion upon that issue itself . . . ." p. 383.

The Supreme Court also recognized that, ". . . an accused may well be deterred from testifying on the voluntariness issue when the jury is present because of his vulnerability to impeachment by proof of prior convictions and broad cross-examination, both of whose prejudicial effects are familiar. The fear of such impeachment and extensive cross-examination in the presence of the jury that is to pass on guilt or innocence as well as voluntariness may induce a defendant to remain silent, although he is perhaps the only source of testimony on the facts underlying the claim of coercion. Where this occurs the determination of voluntariness is made upon less than all of the relevant evidence." p. 389 n. 16. Cf. Pa. Crim. R. 323(d).

The Supreme Court, in *Jackson v. Denno,* indicated that great caution must be exercised when considering the voluntariness of a confession. In light of this wariness, there is reason to fear that a judge may be un-

able to put out of his mind evidence relating to voluntariness when passing on guilt or innocence. I believe that when a judge is sitting as fact-finder, the proper administration of criminal justice would require that the defendant be permitted to testify fully with respect to the confession before a second judge and still be assured that the trial judge had not been influenced by that testimony. Indeed, this procedure might lessen somewhat the heavy burden imposed on trial judges in these cases.

The very serious question in this case warrants the careful consideration of our Supreme Court. In my opinion, it would be wise to amend Pa. Crim R. 323, which was designed to follow and implement the decision in *Jackson v. Denno,* and thus clarify the application of the rule in these cases.