**UNITED STATES of America ex rel. George A. OWENS, Petitioner,**

v.

**A. C. CAVELL, Superintendent, State Correctional Institution at Rockview, Bellefonte, Pennsylvania, Respondent.**

**Habeas Corpus No. 744.**

United States District Court M. D. Pennsylvania.

May 24, 1966.

George A. Owens, pro se.

Robert W. Duggan, Dist. Atty., Allegheny County, Louis Abromson, Asst. Dist. Atty., Pittsburgh, Pa., for respondent.

## MEMORANDUM

FOLLMER, District Judge.

Petitioner, a prisoner at the State Correctional Institution at Rockview, Bellefonte, Pennsylvania, filed this Petition for a Writ of Habeas Corpus, in forma

pauperis, in this Court. He makes the following allegation: That he "was forced to sign a statement without benefit of counsel, which was used in court against him," and that the voluntariness of the confession was not properly determined in light of Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).

Owens was convicted on March 3, 1964, for armed robbery in a nonjury proceeding in the Courts of Oyer and Terminer and Quarter Sessions of Allegheny County, and was sentenced to serve five (5) to ten (10) years imprisonment. On April 8, 1964, the above sentence was reduced to three (3) to six (6) years imprisonment. Owens and two codefendants were represented by counsel at the trial. He filed a Petition for a Writ of Habeas Corpus in the Court of Common Pleas of Allegheny County, on the same grounds, which petition was dismissed. The Pennsylvania Superior Court affirmed the denial of his petition, Hoffman, J., dissenting, and the Pennsylvania. Supreme Court denied appeal.

In the instant case, Rule to Show Cause was granted, Answers were received from the Respondent and the District Attorney of Allegheny County, and this Court has had the benefit of the Indictment, the transcript of notes of testimony at the trial and the District Attorney's brief in the Superior Court.

The transcript reveals that there are serious problems here. It is not clear when the confession was first objected to, but it is referred to at the very start of the trial, and the beginning cross-examination by counsel for defendant related to the voluntariness of the statements. Apparently the voluntariness of the statements was contested from the very outset. Nowhere in the record is there an actual ruling as to the voluntariness of the confession, and there is testimony relating to voluntariness present throughout the record. This presents two serious problems: (1) Was the trial judge influenced by the testimony as to the crime in deciding on the voluntariness of the confession? (2) Should a judge, who is sitting as trier of fact, determine

the voluntariness of a confession as well as guilt or innocence in light of Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774 (1964)? See Commonwealth ex rel. Owens v. Cavell, 207 Pa.Super. 167, 168, 215 A.2d 260 (1965).

In Hutcherson v. United States, 351 F.2d 748 (D.C.Cir. 1965), an analogous situation was presented. There the Court was concerned with whether the trial court "in admitting the confession against the claim of its involuntariness, was influenced by inquiry into its truth." Id. at p. 752. The basic problem is whether extraneous circumstances have distorted the issue of voluntariness resulting in a denial of due process of law. Here, where there was no preliminary determination of voluntariness and the trial court heard testimony as to the crime itself and the issue of voluntariness intermixed through the entire trial, it is impossible to say that the issue of voluntariness was determined without being infected by matters pertaining to the petitioner's guilt. This procedure is inconsistent with the principles enunciated in Jackson v. Denno, supra. In light of this, the second problem raised here will not have to be decided, although this Court does question whether a judge sitting as fact-finder would be able to pass on guilt or innocence without being influenced by evidence relating to the voluntariness issue.

Therefore, Owens should have a full evidentiary hearing in the State courts to determine the factual context in which the confession was given. If the State chooses to have a hearing there should be a reliable and clear-cut determination of the voluntariness of the confession and the record should clearly show the findings upon the underlying facts. Hutcherson v. United States, supra, at p. 755. If the State court decides the confession was involuntary, there must be a new trial without use of the confession, but if it is decided that the confession is voluntary, there is no necessity of a new trial. In the alternative, naturally, the State may afford Owens a new trial or release him.