Commonwealth *v.* Garrett, Appellant.

Submitted November 18, 1966. Before BELL, C. J., MUSMANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*Charles Garrett,* appellant, in propria persona.

*Alan J. Davis,* Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, May 24, 1967:

Martha Browning, a 72 year old neighbor of Charles Garrett was found dead on June 21, 1962. A post-mortem examination revealed she had been raped and that

death was the result of multiple injuries evidently inflicted during a struggle. Appellant was taken into custody, and shortly thereafter signed a confession admitting the felony murder. On March 11, 1963, upon the advice of two court appointed counsel, he plead guilty to murder generally; upon conviction of first degree murder, he was sentenced to life imprisonment. No appeal was taken.

On May 24, 1966, Garrett filed a petition for relief pursuant to the Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180-1 (Supp. 1966). The court below heard oral argument, appellant being represented by counsel, on the question of whether an evidentiary hearing was necessary and, concluding it was not, dismissed the petition. We have before us the correctness of this ruling.

While appellant never challenges the assumption that his plea was knowingly entered, see *Commonwealth ex rel. Kern v. Maroney*, 423 Pa. 369, 371-72, 223 A. 2d 706, 707 (1966); *Commonwealth ex rel. Crosby v. Rundle*, 415 Pa. 81, 85, 202 A. 2d 299, 302 (1964), he does contend that it was unlawfully induced because based upon an involuntary confession. He further alleges that because his counsel advised him to plead guilty on the strength of the allegedly tainted confession and did not oppose its introduction at the hearing, they did not provide competent representation.[1]

---

[1] Because of the allegation of incompetency and in view of appellant's challenge to the validity of his plea on the ground that it was induced by an involuntary confession, this petition cannot simply be disposed of on the basis of counsel's failure to object to the statement's utilization at the hearing. Compare *Commonwealth ex rel. Fox v. Maroney*, 417 Pa. 308, 207 A. 2d 810 (1965). The decision to enter a guilty plea must ultimately be the defendant's own considered choice, not that of his counsel. E.g., *Commonwealth ex rel. Kerekes v. Maroney*, 423 Pa. 337, 342, 223 A. 2d 699, 702 (1966); cf. *Brookhart v. Janis*, 384 U.S. 1, 7, 86 S. Ct. 1245, 1248 (1966).

We turn first to a consideration of the plea itself. A plea of guilty, knowingly made, constitutes an admission of guilt and is a waiver of all nonjurisdictional defects and defenses. *Commonwealth ex rel. West v. Myers,* 423 Pa. 1, 222 A. 2d 918 (1966); *United States v. Ptomey,* 366 F. 2d 759 (3d Cir. 1966); *United States ex rel. Maisenhelder v. Rundle,* 349 F. 2d 592, 595 (3d Cir. 1965). The rule relating to the effect of a guilty plea, of course, "does not mean that a defendant who has pleaded guilty to murder waives the right to object to the admission of improper evidence which will bear on the degree of guilt and the punishment to be imposed." *Commonwealth ex rel. Sanders v. Maroney,* 417 Pa. 380, 382, 207 A. 2d 789, 790 (1965); see *Commonwealth ex rel. Kern v. Maroney,* supra.

However, as the Commonwealth's brief concedes, the general rule "is not strictly applicable to the present case because appellant contends that his guilty plea was coerced by reason of the alleged involuntary confession." As we understand the Commonwealth's position, appellant would be entitled to a hearing if his petition alleged specific circumstances, which, when viewed in their totality, might have prevented him from entering a voluntary plea, provided the truth of these allegations were not contradicted by the record. *United States ex rel. Perpiglia v. Rundle,* 221 F. Supp. 1003 (E.D. Pa. 1963); see *Waley v. Johnston,* 316 U.S. 101, 62 S. Ct. 964 (1942); *Hudgins v. United States,* 340 F. 2d 391 (3d Cir. 1965); *United States v. Morin,* 265 F. 2d 241 (3d Cir. 1959). In other words, the Commonwealth recognizes there are instances where the guilty plea must be equated with a second confession whose voluntariness is undercut by a prior invalid confession, e.g., *Clewis v. Texas,* 386 U.S. 707, 87 S. Ct. 1338 (1967).

The mere existence of an involuntary confession, however, is not sufficient to invalidate a guilty plea

for the petitioner would still have to prove that the involuntary confession was the primary motivation for his plea of guilty. *Brown v. Turner,* 257 F. Supp. 734, 738 (E.D. N.C. 1966) ; see *Gilmore v. California,* 364 F. 2d 916 (9th Cir. 1966). When a defendant enters a guilty plea, the Commonwealth in justified reliance upon that plea frequently does not preserve all the evidence it has assembled against the defendant. Thus a contrary rule would encourage an obviously guilty defendant to enter a plea in the hope that it could be set aside as coerced at a later time when the evidence against him would have disappeared and witnesses to the crime will be unavailable.

There are, moreover, many reasons, other than the existence of the confession, which may influence the defendant's decision to plead. For example, he may view it as a first step towards his rehabilitation, he may believe the Commonwealth has sufficient evidence to convict him without the confession, he may wish to avoid the glare of publicity of a jury trial and save his family from the resulting embarrassment, or he may simply hope for a more lenient sentence. At the same time it may be in the Commonwealth's best interest to accept a plea of guilty in return for a recommendation that certain additional charges be dropped or that the defendant not receive the maximum permissible sentence. See, e.g., *Commonwealth ex rel. Kerekes v. Maroney,* 423 Pa. 337, 223 A. 2d 699 (1966) ; American Bar Association, Standards Relating to Pleas of Guilty (Institute of Judicial Administration 1967) ; Newman, Pleading Guilty for Considerations, . . . 46 J. Crim. L., C. & P.S. 780 (1956) ; Note, Guilty Plea Bargaining: Compromises by Prosecutors to Secure Guilty Pleas, 112 U. Pa. L. Rev. 865 (1964). In considering allegations of the sort made by this appellant, we simply cannot close our eyes to the realities of plea bargaining.

On the other hand, since a valid guilty plea must be "the defendant's own voluntary and intelligent choice, not merely the choice of his counsel," we have directed that such a plea shall not be accepted until the trial court has satisfied itself "that the defendant understands the meaning of the charge, the consequences of pleading guilty, and that the acceptance of the plea will not result in a miscarriage of justice." *Commonwealth ex rel. Kerekes v. Maroney*, 423 Pa. 337, 342, 350, 223 A. 2d 699, 702, 706 (1966) ; see *Commonwealth ex rel. West v. Myers*, 423 Pa. 1, 222 A. 2d 918 (1966) ; *United States ex rel. McDonald v. Pennsylvania*, 343 F. 2d 447, 451 (3d Cir. 1965).

Conceptually, as well as in practice, the realities of plea bargaining and the requirement that the defendant make the ultimate decision regarding the plea frequently conflict. See *Gilmore v. California*, 364 F. 2d 916 (9th Cir. 1966) ; *Cortez v. United States*, 337 F. 2d 699 (9th Cir. 1964). The allegation that a guilty plea is coerced by reason of an alleged involuntary confession poses the question as to whether the decision to forego objections to the confession, the consequence of a valid guilty plea, is one which initially is to be made by the defendant or his counsel. Compare *Fay v. Noia*, 372 U.S. 391, 439, 83 S. Ct. 822, 849 (1963) and *Brookhart v. Janis*, 384 U.S. 1, 86 S. Ct. 1245 (1966) with *Henry v. Mississippi*, 379 U.S. 443, 451, 85 S. Ct. 564, 569 (1965). See generally, Comment, Criminal Waiver: The Requirements of Personal Participation, Competence and Legitimate State Interest, 54 Calif. L. Rev. 1262, 1266-76 (1966).

Prior to the establishment of a prophylactic rule in *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602 (1966), the determination of whether a particular set of facts constituted an inadmissible confession was something even the most experienced criminal lawyer

could only speculate about.[2]  Accordingly, it would be inconceivable that the average criminal defendant would be able to comprehend the frequently fine line between an involuntary and voluntary confession. See Comment, 54 Calif. L. Rev. at 1272-76.  To suggest, as Judge HIGGINBOTHAM does in *United States ex rel. Cuevas v. Rundle,* 258 F. Supp. 647 (E.D. Pa. 1966), that a defendant must always[3] be told of the theoreti-

---

[2] See *Haynes v. Washington,* 373 U.S. 503, 83 S. Ct. 1336 (1963) (5-4 decision) ; *Gallegos v. Colorado,* 370 U.S. 49, 82 S. Ct. 1209 (1962) (4-3) ; *Crooker v. California,* 357 U.S. 433, 78 S. Ct. 1287 (1958) (5-4) ; *Stein v. New York,* 346 U.S. 156, 73 S. Ct. 1077 (1953) (6-3) ; *Turner v. Pennsylvania,* 338 U.S. 62, 69 S. Ct. 1352 (1949) (5-4) ; *Haley v. Ohio,* 332 U.S. 596, 68 S. Ct. 302 (1948) (5-4) ; *Malinski v. New York,* 324 U.S. 401, 65 S. Ct. 781 (1945) (2 cases: 5-4 [involuntary] ; 7-2 [voluntary]) ; *Ashcraft v. Tennessee,* 322 U.S. 143, 64 S. Ct. 921 (1944) (6-3).

[3] In *Cuevas,* Judge HIGGINBOTHAM expressly limits his holding to the "unique facts of this case." 258 F. Supp. at 660. We express no view as to whether the facts, as they were developed at the hearing before Judge HIGGINBOTHAM, or his factual inferences, presented unique circumstances. Cf. *United States ex rel. Perpiglia v. Rundle,* 221 F. Supp. 1003 (E.D. Pa. 1963). However, we do not believe *Cuevas'* rationale can be so limited.

A reviewing or habeas court must determine a plea's validity as of the time it was actually entered. An involuntary confession, while not a true defense, is an important weapon in the defense's arsenal. If knowledge that his confession could conceivably have been attacked and excluded deprived Cuevas of the ability to enter a valid plea, then the same must be true of all cases where there is a confession in the background, or at least all cases where the confession would not be admitted under *Davis v. North Carolina,* 384 U.S. 737, 86 S. Ct. 1761 (1966) and its predecessors. Cf. *United States ex rel. McDonald v. Pennsylvania,* 343 F. 2d 447, 451 (3d Cir. 1965). This in turn would mean that whenever a guilty plea was alleged to have been induced by an involuntary confession, the court would have first to make a determination as to whether the confession was invalid, unless it was shown that the plea was entered for reasons unrelated to the confession. Moreover, since there was evidence in *Cuevas* that the plea was the result of discussions between the defense and prosecuting attorneys,

cal possibility that a confession could be excluded is of no avail if the defendant lacks the ability and knowledge to be able to make a rational tactical choice based upon that information. On the other hand, the decision to plead, while often an excruciating one, does not require the same degree of sophistication.

Accordingly, we conclude that counsel may make the initial determination as to whether the confession would, if challenged, be nonetheless admitted.[4] Then upon the strength of this conclusion he and his client must determine their strategy concerning a possible plea.[5] Mere error on the part of counsel, especially if this professional misjudgment is evident only through hindsight, will not suffice to permit the plea to be collaterally attacked.

Garrett's allegation regarding his counsel's incompetency is closely related to the problem discussed above. While the sixth amendment to the federal constitution, made applicable to the states by the four-

Judge HIGGINBOTHAM evidently places the burden of proof upon the Commonwealth. For the reasons stated in text above we reject this approach.

[4] Of course, once counsel reaches a conclusion regarding the confession's admissibility, the better practice would be for him to explain his reasons to his client as well as the options open to him.

[5] In light of *Jackson v. Denno*, 378 U.S. 368, 84 S. Ct. 1774 (1964), counsel will now probably have the benefit of a suppression hearing before the decision to plead has to be made. Although *Jackson* has generally been given retroactive application, *Commonwealth ex rel. Butler v. Rundle*, 416 Pa. 321, 206 A. 2d 283 (1965), we do not believe, in view of the Commonwealth's probable reliance upon the defendant's plea, and, in light of the considerations set forth in *Linkletter v. Walker*, 381 U.S. 618, 85 S. Ct. 1731 (1965), that *Jackson's* retroactivity should apply to cases where a guilty plea has been entered. See *Spencer v. Texas*, 87 S. Ct. 648, 664 (1967) (WARREN, C. J., concurring in No. 70) ; *Johnson v. New Jersey*, 384 U.S. 719, 86 S. Ct. 1772 (1966) ; *Tehan v. Shott*, 382 U.S. 406, 86 S. Ct. 459 (1966) ; cf. *Clifton v. United States*, 371 F. 2d 354, 363-64 (D.C. Cir. 1966) (concurring opinion).

teenth amendment, guarantees the accused effective assistance of counsel,[6] we have emphasized that the determination of counsel's effectiveness is in no way dependent upon the defendant's satisfaction with the result. *Commonwealth ex rel. LaRue v. Rundle,* 417 Pa. 383, 386-89, 207 A. 2d 829, 831-32 (1965); cf. *Williams v. Beto,* 354 F. 2d 698 (5th Cir. 1965); *Brubaker v. Dickson,* 310 F. 2d 30 (9th Cir. 1962), cert. denied, 372 U.S. 978, 83 S. Ct. 1110 (1963). Appellant's averment that counsel gave him "false advice" about the admissibility of his confession does not, in the circumstances related above, constitute an allegation of incompetency requiring an evidentiary hearing. Compare *Commonwealth ex rel. Sprangle v. Maroney,* 423 Pa. 589, 225 A. 2d 236 (1967); Comment, 54 Calif. L. Rev. at 1285-87.

In the instant case it is clear that Garrett's counsel concluded not only that his confession could not be excluded under the standards as they knew them in 1962, but also that all they could accomplish by making a futile effort to exclude it would be to antagonize a jury, possibly subjecting their client to the electric chair.[7] There is nothing to indicate Garrett had any

---

[6] *Gideon v. Wainwright,* 372 U.S. 335, 83 S. Ct. 792 (1963).

[7] At the close of the testimony, one of Garrett's co-counsel addressed the court: "May we make one statement about this case? Defense counsel here investigated and re-investigated this matter. We have asked this defendant repeatedly about this crime and he has been consistent in his statements to us that he did not remember. We know the Commonwealth had no eyewitnesses as to his going into the house, as to his leaving the house. There has been no chemical analysis as to the bloodstains connecting the blood with decedent and those on his clothing. The only evidence was this confession and you heard the circumstances under which that was obtained. With that in mind, our problem was do we plead this man not guilty before a jury and risk the electric chair, or do we submit him, or counsel him to plead guilty and submit him to your mercy? That was our decision and we at this

conflicting view. Indeed our review of the record more than satisfied us that this was a rational decision. We will therefore not permit Garrett to collaterally attack his guilty plea by examining the circumstances surrounding the confession.

Order affirmed.

Mr. Justice COHEN took no part in the consideration or decision of this case.

---

time ask your mercy in imposing a life sentence. We are not trying to make an argument against capital punishment, but I think your Honor would be familiar with the statutes [sic] that it doesn't deter others. Thank you, sir."