Opinion by
Spaulding, J.,
In 1954, appellant was indicted in Philadelphia County Quarter Sessions Court on two bills, each charging robbery and related offenses. At his arraignment he entered pleas of not guilty which he subsequently changed to guilty at trial after consultation with counsel. Consecutive sentences of 3 to 10 years imprisonment were imposed on each bill. No appeal was taken.
In August, 1967 appellant filed a petition under the Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180-1 et seq. (Supp.), alleging that his 1954 guilty pleas were coerced by virtue of involuntary statements and admissions. A hearing was held before Judge McDermott at which the only testimony introduced was that of appellant, his original trial counsel having died in the interim. Viewing appellant’s credibility as “seriously impaired by the lapse of time, by the death of counsel, by the obvious circumstances at the trial where witnesses were present whose testimony was utilized, when co-defendants were present and plead guilty,” the court below dismissed appellant’s petition.
Appellant then filed this appeal pursuant to §11 of the Act. The Commonwealth contends that appellant has failed to satisfy the requirements established in Commonwealth v. Garrett, 425 Pa. 594, 229 A. 2d 922 (1967), holding that appellant must prove that the alleged involuntary confession was the primary motivation for his plea. We agree. As the basis for the Garrett rule, the court stated, “When a defendant enters a guilty plea, the Commonwealth in justified reliance *144 upon that plea frequently does not preserve all the evidence it has assembled against the defendant. Thus a contrary rule would encourage an obviously guilty defendant to enter a plea in the hope that it could be set aside as coerced, at a later time when the evidence against him would have disappeared and witnesses to the crime will be unavailable.”
In the light of the appellant’s failure to surmount even this preliminary obstacle, we need not examine the waiver issue as explicated in Commonwealth v. Baity, 428 Pa. 306, 237 A. 2d 172 (1968).
The judgment of the court below is affirmed.