Commonwealth *v.* Copeland, Appellant.

Submitted January 22, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Louis W. Fryman,* for appellant.

*Deborah E. Glass,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard D. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, July 2, 1970:

Late in the evening of October 27, 1967, Anne R. Carter was found shot to death at her residence. Appellant, with whom Anne had been living, was taken into custody early the next morning and, approximately an hour and forty-five minutes after arriving at the police station, admitted to having shot her. When brought to trial he entered a plea of guilty to voluntary manslaughter and received a four to twelve year sentence.

One year later appellant filed a PCHA petition in which he asserted that he had not received the required *Miranda* warnings until after he had orally admitted his involvement and was about to give a written statement, and that the involuntary confession had motivated his subsequent guilty plea.

A hearing was held, appellant's petition was denied, and this appeal was taken.

From the conflicting evidence adduced at the PCHA hearing the judge concluded that the existence of the confession was not the primary motivation for the plea.

First, there was an exemplary on-the-record colloquy between the trial judge and the appellant at the time he entered his plea, which covered the appellant's knowledge of the alternatives available and of the consequences of the plea. See American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Pleas of Guilty, §§1.4, 1.5, Approved Draft, 1968. Secondly, appellant's trial counsel testified that he had thoroughly reviewed all of the factors present in the case, including the confession, with the appellant, and that, from the information given

him by the appellant, he had not considered the confession terribly infirm. Counsel also stated that the Commonwealth had had other evidence which made out a "classic" case of second degree murder and that this, together with the facts that appellant had once before been convicted of murder and that the Commonwealth was very generous in offering to accept a plea of guilty to voluntary manslaughter, had prompted him to recommend that appellant plead guilty. The hearing court found this testimony to be highly credible, and concluded that the plea was not primarily motivated by the confession. The record revealing no reason to believe this conclusion inaccurate, we affirm the judgment.

CONCURRING OPINION BY MR. JUSTICE EAGEN:

Mr. Justice EAGEN concurs in the result on the basis of *McMann v. Richardson*, 397 U. S. 759, 90 S. Ct. 1441 (1970).

Mr. Justice JONES joins in this opinion.