Commonwealth *v.* Dennis, Appellant.

Argued December 2, 1970. Before BELL, C. J., COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Jonathan Miller*, Assistant Defender, with him *John W. Packel*, Assistant Defender, and *Vincent J. Ziccardi*, Defender, for appellant.

*T. Michael Mather*, Assistant District Attorney, with him *Milton M. Stein*, Assistant District Attorney, *James D. Crawford*, Deputy District Attorney, *Richard A. Sprague*, First Assistant District Attorney, and *Arlen Specter*, District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE POMEROY, October 12, 1971:

This is an appeal from an order of the Superior Court affirming an order of the Court of Common Pleas of Philadelphia County denying the petition of Sylvester Dennis, appellant, for relief under the Post Conviction Hearing Act.

On April 24 and 25, 1962, appellant was tried before a jury on charges of burglary, larceny, conspiracy and receiving stolen goods. At the close of the Commonwealth's case, the court sustained a demurrer to

the receiving stolen goods charge, and appellant then changed his plea and pleaded guilty to the remaining charges. The court imposed sentence of 4-10 years imprisonment. No direct appeal was taken, and it is conceded that Dennis was not informed of his *Douglas* rights.

In his PCHA petition, appellant contends that his guilty plea was unintelligently and unknowingly entered (a) because it was primarily motivated by the introduction into evidence of a tacit admission and (b) because the prosecution threatened to press for a sentence greater than the law permitted, a fact of which appellant was unaware, unless he changed his plea. The hearing court found no merit in these arguments, and the Superior Court affirmed, 216 Pa. Superior Ct. 824, 266 A. 2d 526 (1970). We granted allocatur, and conclude that the lower court and the Superior Court properly denied relief.

During the prosecution's case-in-chief, prior to the time appellant changed his plea, it introduced testimony by a police officer that he had read to appellant the confession of a codefendant which implicated appellant, that he had asked Dennis to sign it, and that Dennis had refused to sign and had neither admitted nor denied the accusation. Appellant argues that introduction of the tacit admission was the primary motivation of his changed plea, that because he had not been informed of his appeal rights his conviction was not "final" as of the date of *Miranda* (*Miranda v. Arizona*, 384 U.S. 436 (1966)), that therefore under our decisions in *Commonwealth v. Little*, 432 Pa. 256, 248 A. 2d 32 (1968) and *Commonwealth v. Dravecz*, 424 Pa. 582, 227 A. 2d 904 (1967), the admission into evidence of the tacit admission was improper, that the primary motivation test applicable to coerced confessions, *Commonwealth v. Garrett*, 425 Pa. 594, 229 A. 2d 922 (1967), should be applied to tacit admissions,

and that *McMann v. Richardson,* 397 U.S. 759 (1970) is inapplicable to this situation.[1]

We need not consider this argument in detail, however, for the assertion upon which the entire construct rests is faulty. A close reading of appellant's testimony at the PCHA hearing indicates clearly that the primary motivation for the change in plea was not the introduction of the tacit admission. Cf. *Commonwealth v. Taylor,* 439 Pa. 321, 266 A. 2d 676 (1970) ; *Commonwealth v. Copeland,* 439 Pa. 293, 268 A. 2d 751 (1970). While it is true that the changed plea came shortly after the tacit admission had been introduced, the appellant's own testimony indicates that it played only a minor role in his decision to plead guilty.[2]

A review of appellant's testimony at the PCHA hearing and the factual background of the guilty plea makes it quite clear that the primary reason for the change of plea was appellant's desire for a sentence lighter than that for which the District Attorney was pressing.[3] After the prosecution had rested, the jury asked for a recess, and appellant left the courtroom to

---

[1] Appellant bears the burden of proving that the plea was involuntary and unknowing. *Commonwealth v. McBride,* 440 Pa. 81, 269 A. 2d 737 (1970).

[2] Appellant has not argued that vacation of judgment of sentence following a guilty plea is required when one motivating factor for the plea (but not the primary motivating factor) is constitutionally infirm evidence (assuming appellant is correct in stating that the rule of *Dravecz* is applicable to him). Even had appellant made this argument, we see no reason for imposing a less strict rule when the motivating factor is a tacit admission than when it is a coerced confession. See *Commonwealth v. Garrett, supra.*

[3] "A. (Dennis)—Well, he (counsel) told me, you know, like to use my own discretion on it (the plea). I didn't want no 15 to 30 years, so I told him I would plead guilty. . . . Q. (Commonwealth)— Mr. Dennis, you said you changed your plea to guilty because you hoped you would get a lighter sentence? A. (Dennis)—Yes, ma'am."

go to the bathroom. During his absence the prosecutor told Dennis' counsel that he was going to press for a 15-30 year sentence if Dennis did not change his plea. Also, he apparently stated that he would seek a lesser sentence if the plea were changed although no specific term was mentioned. Dennis' counsel informed Dennis of this exchange when he returned to the courtroom. After the session resumed, a sidebar conference was called at which the prosecutor again expressed his desire for a 15-30 year sentence, and apparently defense counsel felt the trial judge to be favorably disposed to the prosecutor's recommendation. When appellant's counsel returned to their table, he did not tell Dennis the specifics of the discussion but stated "that they were going to throw the book at him (you), and give him (you) the maximum." It was at that point that appellant decided to change his plea.

It is conceded that the prosecutor in stating that he would press for a 15-30 year sentence was mistaken as to the maximum sentence (27 years was the maximum) and appellant argues that the guilty plea must be vacated because of this exaggerated threat and because he was unaware of the possible range of sentences.

Appellant's counsel did not specifically advise appellant that the prosecutor had erred by three years, but he did state "I don't think it can be that much." Throughout these proceedings Dennis' counsel left the decision as to the plea to appellant. He advised neither a change of plea nor a continuation of the trial but emphasized that as Dennis, not he, would have to serve any sentence the decision would have to be Dennis'.

At the outset we must emphasize the responsibility of prosecuting attorneys not to misrepresent, either through carelessness or intentionally, the law or the

facts to the court or to opposing counsel or their clients. It is not enough that the defendant, his counsel, or the court have the opportunity of discovering the inaccuracy or ascertaining the truth. It must be remembered that the prosecution has as great an obligation to discover the truth and assist the court in reaching a just result as it has the duty to seek and obtain convictions of those charged with crimes. *Lewis v. Lebanon Court of Common Pleas,* 436 Pa. 296, 300-301, 260 A. 2d 184 (1969). It would have been preferable, certainly, if appellant in this case had been informed of the exact range of sentences he faced. In addition, defense counsel, prior to his client's decision to change his plea, could have been of somewhat more help in evaluating the strength of the case the prosecution had presented. Counsel properly left the final decision to appellant, but in making that decision, appellant (or any defendant) should have the benefit of counsel's thoughts on the strength of the evidence presented and the possible outcome of the case.

We are convinced, however, that on the facts of this case the error of three years was inadvertent and of no real effect on Dennis' decision. There has been no allegation (and certainly no evidence) that the error was intentional and designed to coerce appellant; were it otherwise, we would of course have quite a different situation. On this record it is impossible to believe that Dennis would have made a different decision even had the error not been made, and the prosecutor had said that he was going to press for a maximum of 27 years instead of a maximum of 30 years. Appellant was made aware of the fact that he faced a very substantial prison term, and subtracting three years makes it, for this purpose, no less substantial. He decided to plead guilty on the hope of obtaining a more lenient sentence, and such motivation does form a valid basis

for a guilty plea.[4]   Cf. *Parker v. North Carolina,* 397 U.S. 790, 25 L. Ed. 2d 785 (1970) ; *Brady v. United States,* 397 U.S. 742, 25 L. Ed. 2d 747 (1970) ; *Commonwealth v. Patterson,* 432 Pa. 76, 247 A. 2d 218 (1968).

. After a thorough reading of the record, we have concluded that appellant has not met his burden of showing that the guilty plea was involuntarily and unintelligently entered.   Therefore, the order of the Superior Court is affirmed.

Mr. Justice JONES took no part in the consideration or decision of this case.

Mr. Justice COHEN took no part in the decision of this case.

---

[4] Appellant also argues that the plea was induced by threats by the District Attorney to bring additional burglary prosecutions if the plea were not changed. *Machibroda v. United States,* 368 U.S. 487 (1962). There is nothing in the record to support such a charge. Appellant's counsel did testify that the District Attorney raised questions about other offenses because the police apparently believed that Dennis was part of a burglary ring. Nowhere is there testimony that he agreed to halt that investigation if the plea were changed, and from appellant's testimony, it is clear that such considerations played no role in his decision to plead guilty.