Commonwealth *v.* Stroinski, Appellant.

Submitted June 14, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*David Rudovsky* and *John W. Packel,* Assistant Defenders, and *Vincent J. Ziccardi,* Defender, for appellant.

*James T. Owens* and *Milton M. Stein,* Assistant District Attorneys, *James D. Crawford,* Deputy District Attorney, *Richard D. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY SPAULDING, J., November 11, 1971:

Appellant, Francis Stroinski, pleaded guilty in 1963 to charges of larceny and receiving stolen goods. A sentence of six months to four years was imposed by the Honorable Edward J. GRIFFITHS, of the Court of Common Pleas of Philadelphia. In his petition for post-conviction relief, appellant requested a new trial, alleging that his guilty plea was involuntarily entered. After an evidentiary hearing, the petition was denied by the Honorable Ethan Allen DOTY.[1] This appeal followed.

---

[1] Appellant's petition was originally heard by the Honorable John R. MEADE. Judge MEADE denied the petition, without an opinion, and an appeal was taken to this Court. However, the matter was remanded to the court below for a further hearing because the notes of testimony from the hearing before Judge MEADE were not transcribed. After the order for remand, the notes of testimony were located and transcribed. The Honorable Ethan Allen DOTY affirmed the decision of Judge MEADE.

Immediately prior to his arrest on October 23, 1961, appellant was seen driving in the vicinity of Columbia and Girard Avenue in Philadelphia by two detectives who were cruising in that area. The detectives followed appellant as he proceeded toward the Benjamin Franklin Bridge, offering no better reason for their actions than that they just "decided to trail him". After appellant reached the New Jersey side of the bridge, he was stopped by the detectives and his car was searched without a search warrant and without his consent.[2] The detectives testified that they stopped appellant because he had been exceeding the speed limit on a Philadelphia street; however, they failed to issue a citation for any traffic violation. The detectives found a credit card, previously reported stolen, inside a suitcase in the trunk of appellant's car.

On the basis of the events surrounding the search of his car and seizure of the credit card, appellant filed a motion to suppress the evidence. At this time, he was represented by the Voluntary Defender Association. When the motion was denied, counsel, who testified at the post-conviction hearing, was of the opinion that appellant's only compelling defense had been undermined; further, he had been advised at a staff conference that the likelihood of reversal on appeal did not warrant the expenditure of scarce Defender Association funds

---

[2] The New Jersey Uniform Fresh Pursuit Law, 2A N.J. STAT. ANN. Sec. 155.4, reads: "Any member of a duly organized state, county or municipal peace unit of another state of the United States who enters this state in fresh pursuit, and continues within this state in such fresh pursuit, of a person in order to arrest him on the ground that he is believed to have committed *a felony* in such other state, shall have the same authority to arrest and hold such person in custody, as has any member of any duly organized state, county or municipal peace unit of this state, to arrest and hold in custody a person on the ground that he is believed to have committed a felony in this state." (Emphasis added.)

on appellant's case. With these considerations in mind, counsel advised appellant to enter a plea of guilty. Counsel never discussed with appellant his prospects on appeal, or the effect of a guilty plea on that option. Reluctantly,[3] appellant followed the recommendation of his attorney and entered a plea of guilty.

Under federal and Pennsylvania law, a criminal defendant has a right to appointed counsel at every "critical stage" of a criminal proceeding and at every direct appeal from a judgment of sentence which he has as a matter of right. *Douglas v. California*, 372 U.S. 353, 83 S. Ct. 814 (1963) ; *Commonwealth v. Sliva*, 415 Pa. 537, 204 A. 2d 455 (1964) ; *Commonwealth v. Grillo*, 208 Pa. Superior Ct. 444, 222 A. 2d 427 (1966). This right has been found to be so fundamental as to warrant retroactive application. *Smith v. Crouse*, 378 U.S. 584, 84 S. Ct. 1929 (1964) ; *Commonwealth ex rel. Stevens v. Myers*, 419 Pa. 1, 213 A. 2d 613 (1965). Thus, absent knowledgeable waiver, appellant had a right to appeal from any sentence after trial and was entitled to have counsel appointed for that purpose.

Certainly, a defendant may be bound by a guilty plea made on the recommendation of his counsel, who had competently weighed the alternatives available. *McMann v. Richardson*, 397 U.S. 759, 90 S. Ct. 1441 (1970) ; *Parker v. North Carolina*, 397 U.S. 790, 90 S. Ct. 1458 (1970) ; *Brady v. United States*, 397 U.S. 742, 90 S. Ct. 1463 (1970) ; *Commonwealth v. Garrett*, 425 Pa. 594, 229 A. 2d 922 (1967). However, here, counsel testified that he would not have recommended a guilty plea were it not for the staff determination that the scarcity of Defender Association funds precluded pursuing an appeal in appellant's behalf. Thus, appellant was

---

[3] For testimony indicating appellant's resistance to entering a plea of guilty, see: Notes of Testimony from Post Conviction Hearing before Hon. John R. MEADE, May 20, 1969, p. 20.

impelled to plead guilty in part by the unavailability of counsel for his appeal to which he has since that time been found to have been constitutionally entitled.[4]

Moreover, appellant was advised by neither counsel nor the sentencing judge that by pleading guilty he was waiving all objections to the search and seizure which resulted in his indictment. Waiver of rights cannot be presumed, *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S. Ct. 1019, 1023 (1938); *Commonwealth ex rel. McCray v. Rundle*, 415 Pa. 65, 202 A. 2d 303 (1964); and where the judge's pre-sentencing interview failed to elicit sufficient evidence that the defendant was aware of the material legal implications of his plea, we may not assume such knowledge on the defendant's part, especially where counsel has testified that he did not discuss the prospects of appeal with his client at all. *Commonwealth v. Wilson*, 430 Pa. 1, 241 A. 2d 760; *Commonwealth ex rel. McCray v. Rundle*, supra, at p. 70.[5]

Finally, there is uncontested evidence in the record that the district attorney exercised the threat of the use of his power to reindict on charges which appellant's attorney had had quashed to persuade appellant to enter a guilty plea. Such influence is impermissible and infirms a plea which it has provoked. *Machibroda v. United States*, 368 U.S. 487, 493, 82 S. Ct. 510, 513

---

[4] Although the circumstances of the search of appellant's car and the seizure of the evidence indicate meritorious grounds for appeal, appellant would have been entitled to an appeal with assistance of counsel even if counsel thought that there were *no non-frivolous grounds. Commonwealth v. Grillo*, 208 Pa. Superior Ct. 444, 447-8.

[5] The Court's opinion reads at page 70: "A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered."

No less duty adheres when the accused has professed to waive trial on a guilty plea.

(1962); *Commonwealth v. Patterson,* 432 Pa. 76, 79, 247 A. 2d 218.

These factors precluded appellant's plea from being either voluntary or knowledgeable. Judgment of sentence is vacated and a new trial is granted to appellant.

WRIGHT, P. J., would affirm on the opinion of the court below.