Maceo **HUTCHERSON**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 18747.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 30, 1964.

Decided May 11, 1965.

Concurring Opinion June 16, 1965.

Mr. John A. Shorter, Jr., Washington, D. C., for appellant.

Mr. Jerome Nelson, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Charles T. Duncan, Principal Asst. U. S. Atty., and Frank Q. Nebeker,

Asst. U. S. Atty., were on the brief, for appellee.

Before BAZELON, Chief Judge, and FAHY and WASHINGTON, Circuit Judges.

FAHY, Circuit Judge:

Appellant was indicted for soliciting and accepting a bribe at a time when he was an officer of the Metropolitan Police Department. The count charging solicitation rests upon 18 U.S.C. § 201 (Supp. V, 1959–63), the count charging acceptance upon 22 D.C.Code § 704. Appellant was sentenced to one to three years imprisonment, but the court committed him for only six months, suspended execution of the remainder of the sentence and placed him on probation for three years.

■ He contends that a detailed written confession used in evidence was obtained in violation of Rule 5(a), Fed. R.Crim.P., and should have been excluded under Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479. I do not agree, for the confession was made prior to arrest. Neither Rule 5(a) nor *Mallory* applies. The circumstances are that when appellant's superiors in the Police Department became concerned that he may have engaged in the conduct which subsequently led to the indictment he was ordered to come to Police Headquarters in the Municipal Building for questioning. He was escorted there by another officer. During the questioning he was under restraint to the extent that he was not free to go his own way without consequence to his status as a policeman; that is, the testimony indicates that had he declined to remain and assist in the investigation he probably would have been suspended then and there. When the investigation at headquarters was concluded and the confession placed in writing and signed, appellant resigned from the police force and actually left the building without being arrested.[1] He was not indicted on the

criminal charges until January 10, 1964, about a month after the investigatory session above described. The conduct of appellant's superior officers in pursuing inquiries about his possible improprieties in the course of his duties as a member of the Police Department fell short of an arrest. See Scarbeck v. United States, 115 U.S.App.D.C. 135, 317 F.2d 546, cert. denied, 374 U.S. 856, 83 S.Ct. 1897, 10 L.Ed.2d 1077, rehearing denied, 375 U.S. 874, 84 S.Ct. 856, 10 L.Ed.2d 1077; Seals v. United States, is not to the contrary, 117 U.S.App.D.C. 79, 82, 325 F.2d 1006, 1009, note 6, cert. denied 376 U.S. 964, 84 S.Ct. 1123, 11 L.Ed.2d 982.

■■ I consider now the contention that the confession should have been excluded because made when appellant was without counsel or the advice of counsel. As the law on this subject has evolved thus far in the decisions of the Supreme Court the answer must turn in each case upon its facts. It would not be wise, even if it were possible, to formulate now a standard for uniform application to all cases. But it is clear that the lack of counsel does not in and of itself preclude the use of self-incriminating evidence obtained during such lack. We may not here decide the question in isolation from the facts bearing upon the individual personality involved. These and all surrounding circumstances existing when the deprivation is claimed to have occurred must be considered.

There had been no indictment here as in Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246. No criminal charge was pending against appellant. He had not been arrested. While it is true the investigation was focused upon him, its purpose appears to have been principally to obtain his resignation rather than to lead to a criminal charge. And among other significant differences between this case and Escobedo v. State of Illinois, 378 U.S.

---

1. The record made at the pre-trial hearing indicates that appellant arrived at headquarters at about 10:30 or 11 o'clock a. m. on December 5, 1963, that he finished making his statement for the stenographer at 2 or 2:30 p. m., and that he signed it at approximately 4:00 p. m.

478, 84 S.Ct. 1758, 12 L.Ed.2d 977, the appellant here, unlike Escobedo, was a mature police officer being investigated by his superiors.

■■ It is also true that the admission in evidence of a confession made before trial is likely to insure a verdict of guilty on the basis of such extra-judicial statement, whereas guilt is a matter to be determined at a public judicial proceeding with the assistance of counsel, unless the right to counsel is waived. See Massiah v. United States, *supra*, at 377 U.S. 204, 84 S.Ct. 1199; Escobedo v. Illinois, *supra* at 487–488, 84 S.Ct. 1758. For this reason a confession made and repudiated before trial is suspect. Yet the law does not preclude its use if voluntary, unless obtained as the result of a violation of some evidentiary rule or constitutional right. The courts must determine in each case whether such a rule or right has been violated. Appellant's confession was not the result of a violation of the *Mallory* rule; and his constitutional right to enjoy the assistance of counsel had not been denied when he made the confession.

■ He contends that in any event the confession was involuntary and *should have been excluded on that ground.* From the transcript of the pre-trial hearing on the admissibility of the confession it appears that the officer conducting the inquiry which led to the confession read to appellant 1 D.C.Code § 319. It provides that an officer or employee of the District of Columbia who refuses to testify to matters relating to his office or employment in any proceeding wherein he is a defendant or called as a witness on the ground that his answer may tend to incriminate him "shall forfeit his office or employment" and the benefits arising therefrom. The Government concedes that this provision had no application to the investigation being conducted. Also read to appellant was 4 D.C.Code § 175 which makes it a crime for a police officer to compromise a felony or any other unlawful act by "failing to give known facts or reasonable causes of suspicion, or withholding any information * * * from the proper judicial authorities * * *." Reading these statutes to appellant undoubtedly put pressure upon him. Were he not a mature and knowledgeable person who had been a police officer for five years, no doubt we would hold as matter of law that the confession was involuntary. But on the whole record, including appellant's age, experience and position, we think the issue of voluntariness was a factual one which, had it been decided in the proper manner, would not necessarily have resulted in its exclusion as evidence. The decision was reached, however, in a manner which was constitutionally defective as now explained.

In Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 953, the Court, reasserting the position adopted in Rogers v. Richmond, 365 U.S. 534, 81 S.Ct. 735, 5 L.Ed.2d 760, referred to the defendant's constitutional right at some stage in the proceedings to object to the use of a confession and to have a fair hearing and a reliable determination on the issue of voluntariness, uninfluenced by the truth or falsity of the confession. The case arose in the state courts of New York where the issue of voluntariness had been submitted to the jury. The Supreme Court said:

> The obvious and serious danger is that the jury disregarded or disbelieved Jackson's (the defendant's) testimony pertaining to the confession because it believed he had done precisely what he was charged with doing.

Jackson v. Denno, *supra*, 378 U.S. at 383, 84 S.Ct. 1774, 1784. Departing from its earlier decision in Stein v. People of State of New York, 346 U.S. 156, 73 S.Ct. 1077, 97 L.Ed. 1522, the Court approved Mr. Justice Frankfurter's dissenting language in that case:

> The determination must not be influenced by an irrelevant feeling of certitude that the accused is guilty of the crime to which he confessed.

378 U.S. at 384, 84 S.Ct. 1774, 1785. Referring to its decision in Rogers v. Richmond, *supra,* the Court continued:

> the reliability of a confession has nothing to do with its voluntariness —proof that a defendant committed the act with which he is charged and to which he has confessed is not to be considered when deciding whether a defendant's will has been overborne.

378 U.S. at 384–385, 84 S.Ct. 1774, 1785.

The reason the Court has disapproved this line of inquiry as a denial of due process of law is that in determining the admissibility of a confession inquiry into its truth distorts the issue of voluntariness. As stated in Jackson v. Denno:

> Under the New York procedure, the evidence given the jury inevitably injects irrelevant and impermissible considerations of truthfulness of the confession into the assessment of voluntariness.

378 U.S. at 386, 84 S.Ct. 1774, 1786. The Court also explains the matter as follows:

> It is now inescapably clear that the Fourteenth Amendment forbids the use of involuntary confessions not only because of the probable unreliability of confessions that are obtained in a manner deemed coercive, but also because of the "strongly felt attitude of our society that important human values are sacrificed where an agency of the government, in the course of securing a conviction, wrings a confession out of an accused against his will," Blackburn v. State of Alabama, 361 U.S. 199, 206–207, 80 S.Ct. 274, 280, 4 L.Ed.2d 242, and because of "the deep-rooted feeling that the police must obey the law while enforcing the law; that in the end life and liberty can be as much endangered from illegal methods used to convict those thought to be criminals as from the actual criminals themselves." Spano v. New York, 360

U.S. 315, 320–321, 79 S.Ct. 1202, 3 L.Ed.2d 1265.

378 U.S. at 385–386, 84 S.Ct. at 1785.

■ In our case the trial court, in admitting the confession against the claim of its involuntariness, was influenced by inquiry into its truth. At the pre-trial hearing on the motion to suppress the confession the following occurred when the defendant took the stand:

> THE COURT: Let me ask you this: Were the statements you made —the answers you made and the statements you made in the statement you finally signed true?
>
> THE WITNESS: I would say that some of the statements was true.
>
> *   *   *   *   *   *
>
> MR. DUNCAN [the Assistant United States Attorney]:
>
> Q. You said to the Judge a minute ago that some of the statements in there are true, is that correct?
>
> A. That's correct.
>
> Q. Now, I want you to read the statement and point out to the Court the statements in there that are false as of right now.
>
> MR. WILLIAMS [defense counsel]: May I see it, please.
>
> (The exhibit was shown to Mr. Williams.)
>
> (The witness perused the exhibit.)
>
> MR. WILLIAMS: What was the question?
>
> MR. DUNCAN: The question is to point out what parts of the statement are untrue.
>
> MR. WILLIAMS: Is that proper?
>
> THE COURT: Yes.
>
> MR. WILLIAMS: It's going to take a long time, Your Honor.
>
> THE COURT: I'm in no hurry.

The confession was then reviewed with the witness in detail as to its truth or falsity. Again during the arguments of counsel this testimony was discussed and the court several times referred to the truthfulness of the statements, after

which the court denied the motion to suppress.[2]

All this is quite inconsistent with Jackson v. Denno and Rogers v. Richmond. In the latter, using language equally applicable to our case, the Court held that the question whether the confession was voluntary and admissible,

> was answered by reference to a legal standard which took into account the circumstance of probable truth or falsity. And this is not a permissible standard under the Due Process Clause of the Fourteenth Amendment. The attention of the trial judge should have been focused, for purposes of the Federal Constitution, on the question whether the behavior of the State's law enforcement officials was such as to overbear petitioner's will to resist and bring about confessions not freely self-determined—a question to be answered with complete disregard of whether or not petitioner in fact spoke the truth. The employment instead, by the trial judge and the Supreme Court of Errors, of a standard infected by the inclusion of references to probable reliability resulted in a constitutionally invalid conviction. * * * [Footnote omitted.]

365 U.S. 534, 543–544, 81 S.Ct. 735, 741.

It is of course immaterial that in the present case the Due Process Clause of the Fifth instead of the Fourteenth Amendment is applicable.

█ The remaining question is how to remedy this error of constitutional proportions. That substantial evidence other than the confession supports the guilty

verdict does not suffice. The Supreme Court has repeatedly so held. Jackson v. Denno, *supra,* 378 U.S. at 376, 84 S.Ct. 1774, citing Malinski v. People of State of New York, 324 U.S. 401, 65 S.Ct. 781, 89 L.Ed. 1029, Stroble v. California, 343 U.S. 181, 72 S.Ct. 599, 96 L.Ed. 872, and Payne v. State of Arkansas, 356 U.S. 560, 78 S.Ct. 844, 2 L.Ed.2d 975.

█ The course pursued by the Supreme Court in Jackson v. Denno was to remand the case to the New York courts to permit a valid hearing and decision on voluntariness under state procedure, the question of setting aside the conviction to abide the result.[3] In this disposition of the case, rather than itself setting aside the conviction, the Supreme Court was influenced by two considerations. One was the deference due to the relationship between federal and state courts. The other was the fact that the attack on the conviction was in habeas corpus collateral proceedings rather than by direct appeal. Neither of these considerations applies to the present appeal. The trial judge in admitting the confession failed to instruct the jury on their responsibility in the matter. For this reason and without establishing a general rule for all cases, the proper procedure is to set aside the conviction and to remand the case to the District Court for a new trial, preceded by a determination by the court of the issue of voluntariness in a manner which meets the standards of Jackson v. Denno and Rogers v. Richmond, that is, on evidence bearing solely on its voluntariness, excluding on that issue all evidence and consideration of its truth or falsity.

2. The court allowed the statements to be used at trial but indicated an instruction would be given that they might be disregarded if the jury believed they were made in the hope of a reward or a result of coercion. No such instruction was given.

3. The Supreme Court did not, however, preclude the New York court from granting a new trial without more if the State preferred that course. It required a new trial, however, only if under appropriate procedure the New York courts determined that the confession was involuntary.

Some additional clarification of the procedure to be followed in this jurisdiction is required.[4]

Wright v. United States, *supra* note 4, cited the earlier cases of McAffee v. United States, 70 App.D.C. 142, 105 F.2d 21; *Id.*, 72 App.D.C. 60, 111 F.2d 199, cert. denied, 310 U.S. 643, 60 S.Ct. 1094, 84 L.Ed. 1410, and Catoe v. United States, 76 U.S.App.D.C. 292, 131 F.2d 16; and also noted Ziang Sung Wan v. United States, 266 U.S. 1, 45 S.Ct. 1, 69 L.Ed. 131. Sitting *en banc* in Wright this court said:

> In this jurisdiction, however, by "law and practice," the court first holds a preliminary hearing for the purpose of determining whether there is evidence from which the jury could properly conclude that the confession was voluntary. If the court concludes there is no such evidence, it must exclude the confession; but if it finds there is evidence on the basis of which it might be held to be voluntary, then the question of voluntariness is submitted to the jury.

102 U.S.App.D.C. at 45, 250 F.2d at 13. The reference to the case of *Ziang Sung Wan*, which also arose in this jurisdiction, is interesting; for there the trial court had submitted the issue of voluntariness to the jury on the evidence bearing thereon adduced during the trial, without a pre-trial inquiry. The Supreme Court, in reversing, reviewed the evidence and said:

> [t]he undisputed facts showed that compulsion was applied. As to that matter there was no issue upon which the jury could properly have been required or permitted to pass. The alleged oral statements and the written confession should have been excluded.

266 U.S. at 16–17, 45 S.Ct. at 4. Accordingly, it was unnecessary for the Court to comment upon the absence of a hearing with the jury excluded.

The practice which calls for such a hearing, however, is sound and we again approve it. But that part of the practice under which, if the court finds there is evidence on the basis of which the confession might be held to be voluntary the question of its voluntariness is submitted to the jury, is not altogether consistent with Jackson v. Denno. Under that decision the trial court must decide initially the question of admissibility, resolving the issue of voluntariness one way or the other. If the court finds involuntariness, the court must exclude the confession; it never goes to the jury for any purpose. If the court concludes that the confession is voluntary it is admitted in evidence; but the jury is not bound by this ruling of the court on voluntariness. Under appropriate instructions it may decide that the confession was involuntary, in which event the jury must disregard it.

4. In an Appendix to the Court's opinion in Jackson v. Denno the procedure in the District of Columbia is referred to as follows:

The Court of Appeals for the District of Columbia, however, does seem to sanction a variation of the New York practice, with the requirement that the judge hold a full preliminary hearing, at which the defendant may testify, outside the presence of the jury. It is not clear what the trial judge must find before admitting the confession and submitting the issue of voluntariness to the jury. Sawyer v. United States, 112 U.S.App.D.C. 381, 303 F.2d 392; Wright v. United States, 102 U.S.App.D.C. 36, 250 F.2d 4 (where the confession could be found voluntary, the issue, is for the jury).
378 U.S. at 400, 84 S.Ct. at 1793. Moreover, the Court on the same day vacated and remanded two cases from this jurisdiction, Pea v. United States, 116 U.S. App.D.C. 410, 324 F.2d 442 and Muschette v. United States, 116 U.S.App. D.C. 239, 322 F.2d 989, for further proceedings in conformity with Jackson v. Denno, 378 U.S. 569 and 571, 84 S.Ct. 1774.

It will be observed that jury participation thus authorized after the confession is admitted in evidence by the court requires a jury determination of voluntariness at the trial itself, when evidence bearing on guilt, and accordingly on the truth or falsity of the confession, may be and usually is before the jury. We have seen from Jackson v. Denno and Rogers v. Richmond that such evidence may not be considered in the initial decision on voluntariness. But once the court has ruled that the confession is voluntary Jackson v. Denno, see 378 U.S. note 8 at 378, 84 S.Ct. 1774, authorizes jury reconsideration of and disagreement with such ruling, notwithstanding there might be evidence before the jury not limited to the issue of voluntariness, for one decision in favor of voluntariness will already have been made, free of all evidence except that which bears upon that issue.

One more word as to the record which should be made respecting the determination of voluntariness at the hearing by the court alone: Jackson v. Denno makes clear that the procedure must "insure a reliable and clear-cut determination of the voluntariness of the confession, including the resolution of disputed facts upon which the voluntariness issue may depend." 378 U.S. at 391, 84 S.Ct. at 1788. The record should "show the judge's conclusions in this regard and his findings upon the underlying facts may be express or ascertainable from the record." 378 U.S. note 8 at 378, 84 S.Ct. at 1781. The better practice argues in favor of express findings.

We are in agreement on the disposition of the case as it involves the application of Jackson v. Denno and the procedures to be followed in this jurisdiction when the admissibility of a confession turns upon the issue of its voluntariness.

With respect to the possible application of the Mallory rule and of the Supreme Court decisions in Massiah and Escobedo, Chief Judge Bazelon without subscribing to the details of the treatment of those matters in the opinion agrees with the result reached in the opinion. As to these matters Judge Washington will file later a statement of his views.

Reversed and remanded for proceedings not inconsistent with this opinion.

WASHINGTON, Circuit Judge (concurring).

Judge Fahy's opinion in this case was released on May 11, 1965. A statement of my views was to be released later. I am now publishing it separately, as follows:

I agree that appellant's conviction must be reversed and remanded for a new trial because of the inadequacy of the finding on the voluntariness of appellant's confession. I have some difficulty, however, with the majority's dismissal of appellant's contention that his confession should have been excluded because it was obtained in violation of his right to counsel. Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964); Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964). While I agree that this point would not justify reversal on the present record, facts developed in the course of a new trial might well compel the exclusion of this confession on *Escobedo,* or perhaps *Mallory,* grounds. The present record does not provide an adequate basis to conclude with confidence that appellant was not under arrest at the time of his interrogation; [1] and the trial court did not sufficiently explore the question of whether appellant's experience as a police officer rendered advice of counsel unnecessary.

If a fully developed record reveals that appellant was under arrest at the time of his interrogation and that his experience as a police officer did not ren-

---

[1]. See Scarbeck v. United States, 115 U.S. App.D.C. 135, 317 F.2d 546 (1962), cert. denied, 374 U.S. 856, 83 S.Ct. 1897, 10 L.Ed.2d 1077 (1963); Seals v. United States, 117 U.S.App.D.C. 79, 325 F.2d 1006 (1963), cert. denied, 376 U.S. 964, 84 S.Ct. 1123, 11 L.Ed.2d 982 (1964).

der legal advice unnecessary, his confession should be excluded. Because the present record is in these respects unsatisfactory, I do not think we should prejudge these matters. The majority opinion should not be read as precluding appellant from filling out the record on these points in a new trial.

My views on the right to counsel in police interrogation will be set out more fully in the near future, in a case now pending in this court. In my opinion the facts noted by the majority that no indictment had been returned and no charge had been brought against appellant at the time of the confession are irrelevant. Escobedo v. Illinois, *supra*, and see United States ex rel. Russo v. New Jersey, 351 F.2d 429 (3d Cir., May 20, 1965).