Slade H. BUTLER, Appellant,

v.

UNITED STATES of America, Appellee.

Harold W. GREENWELL, Appellant,

v.

UNITED STATES of America, Appellee.

Nos. 19021, 19022.

United States Court of Appeals District of Columbia Circuit.

Argued June 4, 1965.

Decided July 2, 1965.

Petition for Rehearing En Banc in No. 19022 Denied Oct. 5, 1965.

See also D.C., 336 F.2d 962.

Mr. Joseph D. Harbaugh (appointed by this court), for appellants.

Messrs. William W. Greenhalgh, Washington, D. C., Marvin J. Brenner, Robert S. Hall, Jr., Jefferson Davis Kirby, III, and William Bryan Martin (all appointed by this court), also entered appearances for appellants.

Miss Carol Garfiel, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Frank Q. Nebeker and Victor W. Caputy, Asst. U. S. Attys., were on the brief, for appellee.

Before FAHY, DANAHER and BURGER, Circuit Judges.

PER CURIAM.

Appellants were convicted of entry of a federally insured bank with intent to rob and robbery of the bank under 18 U.S.C. § 2113(a). We consolidated their separate appeals *sua sponte*.

(1)

Appellant Butler was apprehended within minutes of the robbery, his pockets bulging with the proceeds of that endeavor, which included $360 of identifiable "bait money" given him by a quick-thinking teller. The teller had also returned to Butler the note he handed her instructing her not to push the burglar alarm button. That note was found on Butler's person at arrest. Butler told police they would find the attache case used in the robbery behind a garbage can some 100 yards from the point of Butler's arrest and such a case was found there. The teller and a bank official made positive courtroom identifications of Butler having previously made positive identifications of him at police headquarters within two hours of the robbery; this circumstance was also testified to.

In the face of this overwhelming evidence of his guilt, Butler asserts as plain error the failure of the trial court to "delete" references to him from testimony of a police officer relating certain oral admissions made by Appellant Greenwell. While the references to Butler in the statements attributed to Greenwell were inadmissible hearsay, no request was then made to strike them. In his instructions the judge told the jury that Greenwell's admissions, if believed, were to be considered only against Greenwell.

The prosecutor's opening statement gave ample warning to defense counsel that he would introduce the challenged testimony. Yet when the time for that testimony came, defense counsel objected only on a ground different from that here argued to be error, despite the fact that the prosecutor had again given notice that the testimony would be forthcoming. Nor was defense counsel's subsequent motion to strike directed to the point now urged. It may be surmised, then, that counsel saw no error, plain or otherwise, in the admission of testimony disclosing Greenwell's statement naming Butler. We do not see it as "plain error" meriting reversal. Defense counsel could have requested a hearing without the jury to determine whether it would have been feasible to instruct the witness to eliminate any mention of Butler from his answer. In view of the strength of the case against Butler, of trial counsel's failure to note any objection, and of the judge's instruction to the jury that the statements were to be received only against Greenwell, we hold that there was no plain error warranting reversal of Butler's conviction.[1]

(2)

The evidence against Appellant Greenwell was less strong than the case against Butler but in our view it was sufficient to put to rest his present claim of plain error.

The same witnesses who identified Butler identified Greenwell at trial and

---

1. Butler also contends that the trial judge failed to make an independent determination of the voluntariness of his confession as required by Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). But we think the experienced trial judge's finding that "as a matter of law * * * the statements are admissible," made as it was some weeks after the decision in *Jackson*, must be taken to conform to that case.

At trial Butler did not take the stand before the jury and there was no other evidence sufficient to raise the issue of voluntariness to the jury under our decisions in Luck v. United States, 120 U.S. App.D.C. ——, 348 F.2d 763, May 21, 1965, and Hutcherson v. United States, 122 U.S. App.D.C. ——, 351 F.2d 748, May 11, 1965. Those cases do not permit jury speculation on this critical issue, which goes to the jury only if they have heard some evidence warranting a finding contrary to that of the judge that the confession is involuntary. There is no such evidence here; indeed Appellant Butler does not assign the court's refusal to instruct the jury as error.

testified to having identified him on two occasions as he left work during the week following the robbery. There was also testimony linking Greenwell with Butler and with the attache case both on the day of the robbery and the day before that. A witness testified that Greenwell had instructed her before the robbery to inform anyone interested that he and Butler were present at her home at the time of the robbery, and that shortly after the robbery and Butler's arrest Greenwell called to ask her to change the story to indicate that he alone had been there at the crucial hour. That witness and another testified also to Greenwell's statement the day following the robbery that he and Butler "had went to this bank the day before and Slade [Butler] * * * had messed up." Greenwell himself testified that he knew Butler and that they had once shared an apartment.

It is against this background that we must view the claim that admission of testimony as to Butler's oral confession was plain error as to Greenwell. A metropolitan police officer and an FBI agent testified to Butler's statements. Neither account named *Greenwell,* and one of them did not even mention that there were two people involved. In the other, Greenwell was alluded to only as follows:

> * * * [Butler had said that] after he [Butler] * * * had left the bank that he and *another fellow* had run down Florida Avenue near a construction job, they had split up * * *.
>
> * * * * * *
>
> * * * [Butler had disclosed] the route he had taken when he went to the bank, where approximately he and the *other fellow* had split up * * *.

(Emphasis added.)

The testimony reporting Butler's statements read as a whole only incidentally implicates another person—not identified by name or otherwise. More-over, all that appears is that the "other fellow" ran down the street with Butler and then left him. There is nothing in the challenged statement to the effect that the "other fellow" was in the bank or had any part in the robbery. Thus this account of Butler's confession was entirely consistent with Greenwell's counsel's argument to the jury that mere presence at the scene of a crime is insufficient to convict, a principle which the trial judge further emphasized to the jury in his charge.

■ Greenwell's counsel interposed no objection to the fleeting references to "another fellow" in the report of Butler's statements. We are not disposed to hold plainly erroneous what may well have been the considered tactical judg-ment of defense counsel in doing nothing which might have accented for the jury the association of his client with Butler. Trial tactics may also explain counsel's omission to ask for instructions caution-ing the jury to receive Butler's words only against himself. The court had earlier twice given cautionary instruc-tions *sua sponte* with reference to state-ments by Greenwell. He was not obliged to continue this absent a request from counsel. We cannot say that he erred but if so the error was neither plain nor prejudicial to Greenwell's "substan-tial rights" in view of the evidence of his guilt already described.

We have considered the other conten-tions made by Appellants and find them without merit. Accordingly, their con-victions are

Affirmed.

FAHY, Circuit Judge.

I concur in the result.

I construe footnote 1 of the opinion of the court, in its reference to when the issue of voluntariness is to be sub-mitted to the jury under our *Luck* and *Hutcherson* decisions, as requiring no more than that there is some evidence before the jury that the confession is involuntary.