**UNITED STATES of America**

**v.**

**John Clifford CHANEY et al.**

**Appeal of Alfred SHEPPARD, Appellant.**

**No. 71-1204.**

United States Court of Appeals,
Third Circuit.

Submitted on Briefs May 21, 1971.

Decided Aug. 20, 1971.

Alex Bonavitacola, Robinson, Greenberg, Litman, Kattleman & Bonavitacola, Philadelphia, Pa., for appellant.

1. The background facts are recited in United States v. Chaney, 446 F.2d 571

Victor L. Schwartz, Asst. U. S. Atty. (Louis C. Bechtle, U. S. Atty., Philadelphia, Pa., on the brief), for appellee.

Before SEITZ, VAN DUSEN and ADAMS, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

On September 11, 1969, defendant, along with three co-defendants, was indicted and charged with bank robbery in violation of Sections 2113(a), 2113(b), and 2113(d) of Title 18 of the United States Code.[1]  In January 1970, defendant Sheppard was found guilty by a jury on all counts.  On January 22, 1971, he was sentenced to eight years' imprisonment.

Prior to the verdict, defendant Sheppard moved for the suppression of an admission already introduced into evidence. A post-trial suppression hearing was conducted and this motion was denied, as were defendant's motions for judgment of acquittal and a new trial.

We have considered defendant Sheppard's arguments thoroughly and conclude there was no error in his trial or judgment of conviction.

The evidence against Sheppard, which included photographs of him taken during the crime, his admission that he was the man in one of the photographs, his palm print in the bank, and the physical descriptions of him by several witnesses, was overwhelming.  Therefore, we must reject defendant's claims that there was insufficient evidence to sustain his conviction.

A thorough review of the evidence as to all the defendants convinces us that we should also reject Sheppard's contention that a new trial should have been granted because evidence against his co-defendants tainted his conviction.

Finally, we reject Sheppard's argument that the trial judge erred in refusing to suppress admissions made by Sheppard.  Testimony showed that FBI agents gave Sheppard the standard FBI

(3rd Cir. 1971), which is also being filed today.

advice as to defendant's rights and waiver of rights form, asked him if he understood it, and he indicated he did understand the form and signed it.

Defendant Sheppard objected that there had been no intelligent waiver, but there was no error in the court's leaving that question for the jury's consideration.[2] An FBI agent testified that he then showed Sheppard a photograph taken at the scene and time of the robbery by a robot camera, and that defendant stated, "Yes, that's me all right." (N. T. 360).[3]

As noted above, at the end of the post-trial hearing, the trial judge, satisfied that the admissions were given voluntarily, denied the motion to suppress. The evidence supports the decision of the trial judge on the voluntariness of the admissions. See Moser v. United States, 381 F.2d 363 (9th Cir. 1967).

For the foregoing reasons, the judgment and conviction of January 22, 1971, will be affirmed.

2. *See* Brulay v. United States, 383 F.2d 345, 349 (9th Cir. 1967); *cf.* Hutcherson v. United States, 122 U.S.App.D.C. 51, 351 F.2d 748, 754–755 (1965); United States v. Anthony, 145 F.Supp. 323, 336 (M.D.Pa.1956).

3. At this point in the trial, defendant Sheppard requested a suppression hearing on the grounds that defense counsel had just been informed by the defendant that he could not read or write. The trial judge indicated that there was no way to expunge the admission from the minds of the jurors, but that at the conclusion of all the evidence he might have to declare a mistrial (N.T. 365).