**Phillip T. FREDERICKS, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 6372.**

District of Columbia Court of Appeals.

Argued March 19, 1973.

Decided June 15, 1973.

John M. Bixler, Washington, D.C., for appellant.

James W. Diehm, Asst. U. S. Atty. with whom Harold H. Titus, Jr., U. S. Atty., and John A. Terrry, Asst. U. S. Atty., were on the brief, for appellee.

Before KELLY and NEBEKER, Associate Judges, and QUINN, Associate Judge, Retired.

QUINN, Associate Judge, Retired:

This is a consolidated appeal from convictions of second degree burglary, petit larceny, grand larceny, and unauthorized use of a vehicle, in violation of D.C. Code 1967, §§ 22–1801(b), –2202, –2201 and –2204 respectively. However, insofar as the lower court ordered that the burglary and petit larceny counts be severed from the other two, it will be beneficial to treat them separately for purposes of this opinion.

The government's evidence at appellant's trial on the burglary and petit larceny charges showed that on November 2, 1970, Clarence Harris, the proprietor of a grocery store, while returning to the store sometime after 10 p. m., witnessed appellant run out of his establishment and pass within ten to fifteen feet of him. Upon entering his shop, Mr. Harris discovered that the pinball machine had been broken into and that $50 to $100 in change was missing, along with two cartons of cigarettes. Mr. Harris identified appellant rather easily as he had assisted at the store on a voluntary basis for approximately four to five weeks prior to November 2, and had been in the store several times that same day. In addition, the store lights were on and the street lights were bright, so that appellant was plainly visible.

Appellant assigns as error the admission into evidence of hearsay testimony by Mr. Harris. During the direct examination, when asked why he returned to the store that night, he testified that he returned to put on another lock because "I found out [from others] that Phillip [the appellant] had stolen my keys." Despite the absence of any objection and the refusal by appellant of the court's offer of a corrective instruction at trial, he contends that the receipt in evidence of this statement was prejudicial error which should be corrected by this court. We disagree.

■ It is readily admitted that the statement in question was in fact hearsay. Nevertheless, it is difficult to discern how the receipt of such evidence was substantial error. It is well established that absent a clear showing of prejudice, courts are not disposed to notice alleged errors which are raised for the first time on appeal. Harris v. United States, 112 U.S. App.D.C. 100, 299 F.2d 931 (1962). "Hearsay evidence is not wholly alien to the judicial process and in the absence of objection may be accorded within reason its natural probative effect. . . ." (Citations omitted.) United States v. Harris, 141 U.S.App.D.C. 253, 258, 437 F.2d 686, 691 (1970). Cf. Adams v. United States, D.C.App., 302 A.2d 232 (March 20, 1973).

■ In the case at bar, the evidence of appellant's guilt was clearly established and there is no reason to believe that on a second trial an intelligent and honest jury would reasonably arrive at any other verdict. Mr. Harris' identification of appellant was a positive and convincing one. He was well acquainted with the defendant; the store and street lights were bright and he saw Fredericks face-to-face as he ran out of the store at a distance of only ten to fifteen feet away. In light of this evidence, we are not inclined to reverse appellant's conviction for "what may well have been the considered tactical judgment of defense counsel in doing nothing which might have accented for the jury [the tainted statement]." Butler v. United States, 122 U.S.App.D.C. 5, 7, 350 F.2d 788, 790 (1965), cert. denied, 384 U.S. 992, 86 S.Ct. 1899, 16 L.Ed.2d 1009 (1966).

Appellant's objection to his conviction for grand larceny is equally meritless. The facts brought out at trial demonstrate that on January 23, 1971, Elizabeth McConnell parked her automobile valued at $3,800 in front of a booth of a commercial parking lot adjacent to her place of work, and, pursuant to the policy of the lot, left the keys in the car. When the attendant returned, he saw appellant sitting in Mrs. McConnell's car. After a brief conversation, Fredericks drove the car out of the

lot, stating, "See you [at] five o'clock." A short time later, when the owner returned for the vehicle the attendant identified appellant as the person who had taken her automobile. She then informed the police, who promptly placed the defendant under arrest. The car was recouped a short time later in another part of town, after having been damaged to the extent of $1,500. Appellant was then charged and convicted of grand larceny and unauthorized use of a vehicle.

Appellant maintains that the trial court improperly denied a motion for judgment of acquittal as to the grand larceny count because the government failed to prove that Fredericks took the automobile with an intent to steal it; the gravamen of the appellant's contention being that the intent to steal is the essential element distinguishing larceny from unauthorized use of an automobile.

■ Traditionally, larceny is not committed when the defendant takes property of the owner with the intent of borrowing it temporarily and of returning it thereafter. 2 Wharton Criminal Law, § 454 (Anderson ed. 1957). However, grand larceny, defined by D.C.Code 1967, § 22–2201, as the felonious taking and carrying away of anything of value of the amount of $100 or more, does not require an intent to appropriate property permanently. Mitchell v. United States, 129 U.S.App.D.C. 292, 296, 394 F.2d 767, 771 (1968). Rather, the proof must merely manifest an intent to appropriate the property to a use inconsistent with the owner's rights. United States v. Johnson, 140 U.S.App.D.C. 54, 57, 433 F.2d 1160, 1163 (1970), and authorities cited therein at n. 18.

■ Therefore, on the basis of the facts presented, it can reasonably be concluded that appellant intended to use Mrs. McConnell's car in a manner inconsistent with her rights in it, and was justifiably found guilty of grand larceny (the taking) as well as unauthorized use of a vehicle after the asportation.[1]

■ Appellant was sentenced to a prison term of ten years on the burglary and petit larceny counts and a concurrent term of ten years on the other two counts. Subsequently, the trial court modified appellant's confinement to an indeterminate term, apparently pursuant to 18 U.S.C. § 4208(a)(2), which provides that "the court may fix the maximum sentence of imprisonment to be served in which event the court may specify that the prisoner may become eligible for parole at such time as the board of parole may determine." Congress, however, in Section 6 of Pub.L. No. 85–752, as amended, provided, *inter alia,* that 18 U.S.C. § 4208 cannot be applied to crimes exclusively applicable to the District of Columbia—the very situation here. *Cf.* Atkinson v. United States, D.C.App., 295 A.2d 899 (1972).

Accordingly, the judgments of conviction are affirmed, but the sentence is vacated and the case remanded for resentencing.

So ordered.

---

1. Unauthorized use of a vehicle is a general intent crime, while larceny requires specific intent.