George Powell **HALL**, Appellant,

v.

**DISTRICT OF COLUMBIA, Appellee.**

**No. 7442.**

District of Columbia Court of Appeals.

Argued March 19, 1975.

Decided March 4, 1976.

Thomas W. Farquhar, Washington, D. C., appointed by this court, for appellant.

James N. Dulcan, Asst. Corp. Counsel, Washington, D. C., with whom C. Francis Murphy, Corp. Counsel, Washington, D. C., at the time the brief was filed, Louis P. Robbins, Acting Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee.

Before GALLAGHER, NEBEKER and HARRIS, Associate Judges.

GALLAGHER, Associate Judge:

This is an appeal from a conviction for fleeing the scene of an automobile collision which involved a personal injury.[1] We affirm.

Appellant's principal contention[2] relates to the manner in which two out-of-court statements (one oral and one written) which he made to the police were received and treated during the trial.

After conducting a *Miranda*[3] hearing, the trial court ruled that appellant was appropriately advised of his legal rights and that any statements after such advice were knowingly and voluntarily made. The court then admitted the written statement,[4] which was on its face in the nature of an alibi, but announced that it would prevent "this being heard by the jury except or if the rule of *Harris v. New York*[5] comes into effect."[6] Defense counsel stated that he understood the court's ruling and that

as far as "*Harris* is concerned there would have to be a substantial showing of some inconsistency . . . ."

Consequently, we have the procedurally anomalous situation of the admission of a defendant's written statement during the government's case, with a specific limitation on its use to possible later impeachment of the defendant if he were to testify contrarily. Presumably, the facial exculpatory character of the statement prompted the unusual condition to its admission.

We are aware that as far as *Miranda* is concerned,

. . . no distinction may be drawn between inculpatory statements and statements alleged to be merely "exculpatory" [because] [i]f a statement made were in fact truly exculpatory it would, of course, never be used by the prosecution. In fact, statements merely intended to be exculpatory by the defendant are often used to impeach his testimony at trial or to demonstrate untruths in the statement given under interrogation and thus to prove guilt by implication. [384 U.S. at 477, 86 S.Ct. at 1629].

This in fact is what took place here. To a degree, the government later utilized the written statement in an effort to impeach appellant on cross-examination.

The error claimed by appellant centers on the trial court's ruling that it

---

1. D.C.Code 1973, § 40–609(a). This offense is commonly known as "leaving after colliding."

2. Hall also raises several other claims of error with respect to the conduct of the trial, only two of which require brief mention here: (1) the assertion that his Sixth Amendment rights were abridged because the trial judge failed to provide him with funds for legal representation and other services; and (2) the assertion that "the trial judge conducted the trial in a highly partisan manner." These contentions are without merit. Appellant was represented by retained counsel throughout the proceedings here at issue. No claim of indigency was presented to the

Superior Court, and the record discloses no bias on the part of the trial judge. We have reviewed the record in the light of appellant's remaining contentions and see no error requiring reversal.

3. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

4. The issue here revolves principally around the written statement.

5. *Harris v. New York*, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971).

6. Apparently, the court intended to restrict the exhibit to usage as a future impeachment vehicle.

would not permit defense counsel to attack the voluntariness of the statement before the jury—that is to say, it is asserted that the court would not allow the defense a "second bite" on the issue.[7] If this had been the usual situation where, after a foundation was laid, an actual confession was admitted or testified to during the government's case, failure to permit a "second bite" on the voluntariness question before the jury [8] might have resulted in prejudicial error, but that was not the case in the extraordinary circumstances here presented.

■ Although the trial court stated that defense counsel would not be allowed to explore the voluntariness of the statement before the jury, the actuality is that such exploration was later permitted. After the government used the statement in an attempt to impeach appellant, defense counsel examined appellant without restraint on his mental condition (which he described as fright and confusion) at the time he gave the statement. Thus, in keeping with the exceptional procedural situation, appellant had his "second bite" if one was required. Furthermore, in instructing the jury in relation to the voluntariness issue the court gave the specific instruction requested by appellant.[9]

We find no reversible error present in this case.

*Affirmed.*[10]

----

7. In support of this proposition, appellant relies on *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964); *Hutcherson v. United States*, 122 U.S.App.D.C. 51, 351 F.2d 748 (1965); and 18 U.S.C. § 3501 (a).

8. 18 U.S.C. § 3501(a).

9. *Criminal Jury Instructions for the District of Columbia* 2.46, alternative B.

We note further that appellant complains of the trial court's failure to give an instruc-

tion on corroboration of confessions and admissions. We have indicated that appellant's statement was not actually a confession; nor was it an admission as in *Opper v. United States*, 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101 (1954). Therefore, there was no reason to give the corroboration instruction in this particular instance.

10. We might say that the government's case against appellant was considerably more than adequate to support a guilty verdict.