**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 00-50871

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

MIGUEL ANGEL VENEGAS-MORENO, also known as Enrique Trejo

Defendant-Appellant.

Appeal from the United States District Court
For the Western District of Texas
(99-CR-1786-DB)

August 29, 2001

Before EMILIO M. GARZA, PARKER, and DENNIS, Circuit Judges.
PER CURIAM:[*]

On November 23, 1999, Appellant Miguel Angel Venegas-Moreno attempted to enter the United States at the Paso del Norte Port of Entry. After being referred to a secondary inspector, Venegas-Moreno admitted that he was an alien to the United States and

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

citizen of Mexico.  On December 14, 1999, Venegas-Moreno was indicted and charged with being "an alien, who had previously been excluded, deported, and removed from the United States on or about April 22, 1998, and who had not received the consent of the Attorney General of the United States to re-apply for admission, attempted to enter, entered and was found in the United States in the Western District of Texas, in violation of Title 8, United States Code, Section 1326."  On May 22, 2000, Venegas-Moreno pleaded guilty, and on August 7, 2000, the district court entered a judgment convicting Venegas-Moreno of the crime of "Illegal re-entry."  Because of the defendant's prior felony conviction, Venegas-Moreno's penalty was enhanced, and he was sentenced to sixty months' imprisonment.

On September 8, 2000, the district court appointed counsel to represent Venegas-Moreno on appeal, and Venegas-Moreno filed a Notice of Appeal.  On appeal, Venegas-Moreno argues that the factual basis is insufficient to support his guilty plea and that his sentence violated due process because it exceeded the statutory maximum.


The Plea

The government contends that the indictment, in addition to charging Venegas-Moreno with entering and being found in the United States, also charges that he "attempted to enter" the country.  The government also correctly notes that although the indictment

2

alleges several offenses in the conjunctive, "a conviction thereon will stand if proof of one of more of the means of commission is sufficient." United States v. Harvard, 103 F.3d 412, 420 (5th Cir. 1997) (quoting Fields v. United States, 408 F.2d 885, 887 (5th Cir. 1969)); United States v. Johnson, 87 F.3d 133, 136 n.2 (5th Cir. 1996)(citing United States v. Pigrum, 922 F.2d 249, 253 (5th Cir. 1991)). Because the indictment contains a charge, "attempted illegal reentry," which is supported by the factual basis, the government contends that judgment against Venegas-Moreno is sound.

The issue before this court, however, is not whether Venegas-Moreno's indictment is sufficient. The issue, instead, is whether there exists sufficient evidence in the factual basis to support Venegas-Moreno's plea of guilty to the crime of which he was convicted--Illegal Reentry.

"A guilty plea is insufficient in itself to support a criminal conviction." United States v. Adams, 961 F.2d 505, 508 (5th Cir. 1992). "A trial court cannot accept a guilty plea unless there is a sufficient factual basis for that plea." United States v. Angeles-Mascots, 206 F.3d 529, 530 (5th Cir. 2000) (citing Fed. R. Crim. P. 11(f)). "This factual basis must appear in the record and be sufficiently specific to allow the court to determine whether the defendant's conduct is within the 'ambit of the statute's prohibitions.'" Id. (quoting United States v. Gobert, 139 F.3d 436, 439 (5th Cir. 1998)).

The record is clear that Venegas-Moreno pleaded guilty to the

3

crime of "Illegal Reentry." Although Venegas-Moreno's indictment includes a charge of attempting to reenter, the specific crime listed in the judgment and the specific crime described in the Pre-Sentencing Report is "Illegal Reentry." The district court at rearraignment stated that Venegas-Moreno was charged with illegal reentry, inquired whether Venegas-Moreno was going to plead guilty to illegal reentry after deportation, and stated that Venegas-Moreno had been indicted for illegal reentry after deportation. In response to the district court's question, "To the single-count Indictment accusing you of illegal reentry after deportation, how [d]o you plead, sir, guilty or not guilty?" Venegas-Moreno replied, "Guilty."

The factual basis presented by the government as support for Venegas-Moreno's guilty plea, however, supports only a charge of attempted illegal reentry. The factual basis demonstrates that on November 23, 1999, Venegas-Moreno applied for admission into the United States at the Paso del Norte Port of Entry in El Paso, Texas, by making a claim of United States citizenship; that after being referred to a secondary inspector, Venegas-Moreno admitted that he was not a United States citizen but an alien to the United States and a citizen and national of Mexico; that he had been previously removed from the United States; that he had not received the consent of the Attorney General to reapply for admission; and that he had been convicted of an aggravated felony in July of 1984.

Facts sufficient to support a guilty plea to a crime of

4

"attempted reentry" are not necessarily sufficient to support a charge of "illegal reentry." Angeles-Mascote, 206 F.3d at 530-31. Because the factual basis presented by the government in Angeles-Mascote revealed that the defendant had only approached immigration officials and presented to them an alien registration card, this court concluded that the district court erred in accepting the defendant's guilty plea without a sufficient factual basis. Id. at 532. Thus, the identical factual basis presented by the government here does not support Venegas-Moreno's guilty plea to the crime of "Illegal Reentry."

The record reflects that the defendant fully acknowledged having committed acts constituting the crime of "attempted illegal reentry," and by pleading guilty to Count 1, Venegas-Moreno necessarily pleaded guilty to "attempted illegal reentry." Accordingly, Venegas-Moreno's conviction and sentence are VACATED, and the case is REMANDED for the correction of the judgment of conviction and the resentencing of the defendant on the basis of the new judgment of conviction.

## *Apprendi* Claim

The defendant also argues that because his sentence was enhanced beyond the statutory maximum based upon an issue not presented in the indictment, i.e., a prior conviction, his sentence violates Apprendi v. New Jersey, 530 U.S. 466 (2000).

5

*Apprendi*, 530 U.S. at 490, requires that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Prior convictions are excluded under *Apprendi* by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). Because the Court in *Apprendi* expressly declined to overrule *Almendarez-Torres*, see *Apprendi*, 530 U.S. at 490; see also *United States v. Dabeit*, 231 F.3d 979, 984 (5ᵗʰ Cir. 2000), cert. denied, 121 S. Ct. 1214 (2001), this court must follow *Almendarez-Torres* "unless and until the Supreme Court itself determines to overrule it." *Dabeit*, 231 F.3d at 984 (internal quotation and citation omitted). In fact, the defendant concedes that his argument is foreclosed by *Almendarez-Torres*, but states that he makes it on appeal to preserve the issue for Supreme Court review. Accordingly, relief on this issue is DENIED.